IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON MONTE SMITH,<br><br>Defendant. | Case No. 1:23-cr-00118<br><br>**UNITED STATES' NOTICE OF INTENT TO INTRODUCE RECORDS OF A REGULARLY CONDUCTED ACTIVITY PURSUANT TO FEDERAL RULE OF EVIDENCE 803(6) AND 902(11)** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney, hereby gives notice of its intent, under Rules 803(6) and 902(11) of the Federal Rules of Evidence, to introduce records of a regularly conducted activity ("business records") without calling the records custodian, but instead through a certification complying with these rules, at the above-referenced trial.

## LAW AND ARGUMENT

At trial, pursuant to Federal Rules of Evidence Rules 803(6) and 902(11), the United States intends to introduce a Certificate of Non-Existence of Record, authored by the United States Citizenship and Immigration Services, as a record of a regularly conducted activity without calling the record custodian, which as described and noted below, satisfies the Rule 803(6) hearsay exception and meets the Rule 902(11) self-authenticating criteria.

Federal Rules of Evidence 803(6) and 902(11)

Federal Rule of Evidence 803(6) exempts records of regularly conducted activities from Rule 802's hearsay prohibition so long as the following conditions are met: (1) the

records were made at or near the time by someone with knowledge; (2) the records were "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling"; and (3) making the records were regular practices of that activity. Moreover, Rule 803(6) permits a party to introduce records of regularly conducted activities in two ways: (1) through the testimony of a records custodian; or (2) by introducing a certification that complies with Rule 902(11).

Additionally, Federal Rule of Evidence 902(11) states that certified domestic records of regularly conducted activities are self-authenticating so long as the records comply with the requirements of Rule 803(6). Prior to trial, Rule 902(11) requires a party intending to admit records of regularly conducted activities through a certification to provide the adverse party with reasonable written notice of its intent to offer the record. Rule 902(11) requires that the moving party make these records and certifications available to the adverse party for inspection so that the adverse party has an opportunity to challenge their admission.

<u>Sixth Amendment Confrontation Clause</u>

"[B]usiness records under Federal Rule of Evidence 803(6) are not 'testimonial' for Confrontation Clause purposes." <u>United States v. Thompson</u>, 686 F.3d 575, 580 (8th Cir. 2012) <u>citing</u> <u>Melendez-Diaz v. Massachusetts</u>, 577 U.S. 305, 324 (2009); <u>Crawford v. Washington</u>, 541 U.S. 36, 56 (2004). <u>See also</u> <u>United States v. Mashek</u>, 606 F.3d 922, 930 (8th Cir. 2010) (holding that "[b]usiness records under Rule 803(6) are non-testimonial statements . . . [t]hus, the admission of the pseudoephedrine logs did not violate [the defendant's] constitutional confrontation rights."); <u>see also</u> <u>United States v.</u>

Urqhart, 469 F.3d 745, 749 (8th Cir. 2006) (explaining that "[t]hus, likening the CNR [Certificate of Nonexistence of Record] to a business record, we follow the lead of our sister circuits and hold that a CNR is nontestimonial evidence under Crawford. The district court properly received it into evidence.").

Pursuant to Rules 803(6) and 902(11), the United States seeks to introduce the following document at trial without calling a records custodian:

- **Certificate of Nonexistence of Record, from the United States Citizenship and Immigration Services, Subject: SMITH, Cameron Monte, dated November 2, 2023**, digitally signed by Trina M. Swanson, Field Office Director, Minneapolis-St. Paul Field Office/Kansas City District, attesting that "after a diligent search was performed in these database systems, no record was found to exist indicating that the subject listed below obtained consent at any time prior to March 1, 2003, from the Attorney General of the United States, or at any time after February 28, 2003 from the Secretary of the Department of Homeland Security, for re-admission in the United States in accordance with the 6 U.S.C. §§ 202(3) and (4) and U.S.C. § 557."  Exhibit 1.

Notably, the United States obtained this record of a regularly conducted activity along with a certification that complies with Rule 803(6) and 902(11). The United States previously provided the defendant with this record in discovery. (Bates Numbers 4490-91).

Per Rules 803(6) and 902(11), the attached record and certification permits the United States to introduce this record of a regularly conducted activity. Additionally, pursuant to Rule 902(11), <u>the United States requests that the defendant respond to this notice within 14 days</u> from the date of filing if the defendant intends to object to the United States's notice to introduce this document without calling a records custodian.

Dated: May 30, 2024.

                        MAC SCHNEIDER
                        United States Attorney

By:   */s/ Jonathan J. O'Konek*
       JONATHAN J. O'KONEK
       Assistant United States Attorney
       ND Bar ID 06821
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       jonathan.okonek@usdoj.gov
       Attorney for United States